**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **MITCHELL STONE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:15-cv-00018** |
| | ) | |
| **STATE OF TENNESSEE,** | ) | **Judge Trauger** |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION**

Plaintiff Mitchell Stone, a state prisoner incarcerated at Charles Bass Correctional Complex in Nashville, Tennessee, filed this action under 42 U.S.C. § 1983 against the State of Tennessee. The complaint (ECF No. 1) is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e. For the reasons set forth herein, the complaint will be dismissed.

## I.     Standard of Review

Under the PLRA, the court must conduct an initial review of any civil complaint brought by a prisoner if it is filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), seeks relief from government entities or officials, 28 U.S.C. § 1915A, or challenges the prisoner's conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [the PLRA] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In conducting the initial review, the Court must read the plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## II.      Factual Allegations

In his complaint, the plaintiff states that he has not filed any grievances related to the events alleged in his complaint because he "did not know [he had] to go through the grievance procedure." (Complaint, ECF No. 1, at 2.)

He alleges that he is incarcerated at the Charles Bass Correctional Complex and that "they" will not send him to the hospital despite life-threatening heart problems. (*Id.* at 3–4.) He further alleges that "they" broke his left wrist, causing extreme pain, but refuse to send him for an x-ray or to provide treatment for his broken wrist. (*Id.* at 4.)

The court presumes that "they" are prison officials, but the plaintiff does not identify who "they" are or provide the names of any individuals who were personally involved in the events about which he complains. The plaintiff names only the State of Tennessee as a defendant.

The plaintiff does not specify the relief sought, whether injunctive relief or monetary damages or both.

## III.      Discussion

### A.      Legal Standards

The plaintiff seeks to bring suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

In addition, however, under the PLRA, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be

brought with respect to prison conditions under § 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion under the PLRA is mandatory and unexhausted claims cannot be brought in federal court. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). Furthermore, "exhaustion" under the PLRA means "proper exhaustion." *Woodford*, 548 U.S. at 92. In *Woodford*, the Supreme Court defined "proper exhaustion" as requiring "compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90.

### B. Failure to Exhaust

The plaintiff's complaint is subject to dismissal on a number of grounds, the first of which is that the plaintiff admitted on the face of the complaint that he did not pursue the prison grievance procedure because he did not know that he was supposed to.

Generally speaking, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216. Under *Jones v. Bock*, it is the defendant's burden to assert non-exhaustion as an affirmative defense. *Id.*; *Grinter v. Knight*, 532 F.3d 567, 577–78 (6th Cir. 2008). *Jones* overruled a long line of Sixth Circuit cases that placed the burden of pleading and supporting exhaustion on plaintiffs.

Nonetheless, the Court recognized in *Jones v. Bock* that a complaint may be subject to *sua sponte* dismissal if an affirmative defense appears on the face of the complaint. *Jones*, 549 U.S. at 215. Therefore, although exhaustion of administrative remedies need not be pleaded specifically in the complaint, where it is apparent from the face of the complaint that an inmate has failed to exhaust the prison grievance procedure, *sua sponte* dismissal is appropriate on initial review of the complaint. *Cf Alexander v. Payne*, No. 1:13-cv-16, 2013 WL 214819 (S.D. Ohio Jan. 18, 2013) (applying *Jones*, dismissing complaint *sua sponte* on initial screening where inmate admitted in complaint that he failed to utilize prison grievance procedure). The dismissal of the complaint should be without prejudice to re-filing after plaintiff has exhausted the prison grievance process.

Because it conclusively appears from the face of the complaint in this case that the plaintiff did not exhaust his administrative remedies, the complaint is subject to dismissal without prejudice, based on the failure to exhaust.

**C.** *Suing the Wrong Defendant*

The second insurmountable problem with the complaint is that the only named defendant is the State of Tennessee. The State of Tennessee, however, is not a suable entity under 42 U.S.C. § 1983 and in any event is immune from suit pursuant to the Eleventh Amendment. *Quern v. Jordan*, 440 U.S. 332, 340–45 (1979). The sovereign immunity protected by the Eleventh Amendment extends to claims for injunctive relief and other forms of equitable relief. *See Lawson v. Shelby Cnty., Tenn.*, 211 F.3d 331, 335 (6th Cir. 2000) ("[T]he [Eleventh] Amendment prohibits suits against a 'state' in federal court whether for injunctive, declaratory or monetary relief."). The only exceptions to a State's immunity are (1) if the State has consented to suit or (2) if Congress has properly abrogated a State's immunity. *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008). Neither of these exceptions applies to § 1983 suits against the State of Tennessee. *See Berndt v. Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986) (noting that Tennessee has not waived immunity to suits under § 1983); *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (reaffirming that Congress did not abrogate states' immunity when it passed § 1983).

Thus, although the court construes the complaint as alleging, or attempting to allege, facts suggesting that certain individuals at the prison where the plaintiff is incarcerated have acted with deliberate indifference to the plaintiff's serious medical needs, in violation of the Eighth Amendment, a violation of constitutional rights is only one component of a claim under § 1983. The plaintiff must also show that the violation was committed by a "person" acting under color of state law. As set forth above, the State is not a person that can be sued for violations of § 1983. Instead, to establish the liability of any state actor in his or her individual capacity, the plaintiff must show that that particular person was personally involved in the activities giving rise to the plaintiff's claims. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). *See also Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (noting that "[p]ersons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior"); *Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability." (citing *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991)).

In sum, the complaint is also subject to dismissal on the grounds that the State of Tennessee is immune from suit and the plaintiff has not named any other defendants.

**IV.     CONCLUSION**

For the reasons set forth herein, the complaint is subject to dismissal under the PLRA because the complaint shows on its face that the plaintiff failed to exhaust administrative remedies, and because it fails to state a claim against the State of Tennessee for which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); 42 U.S.C. § 1997e(c).

The dismissal of the complaint will be without prejudice to re-filing after the plaintiff has exhausted the prison grievance process. The plaintiff is hereby notified that if he files a new complaint after exhausting his administrative remedies, asserting claims identical to those asserted here but naming the appropriate defendant(s), he may be excused from paying the filing fee in the re-filed action. *Cf. Owens v. Keeling*, 461 F.3d 763, 773 (6th Cir. 2006) (holding that a prisoner should not have to pay a second filing fee for refiling his complaint after it was initially dismissed without prejudice for failure to exhaust).

An appropriate order is filed herewith.

Aleta A. Trauger
United States District Judge