IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MITCHELL STONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:15-cv-00018 |
| | ) |
| STATE OF TENNESSEE, | ) Judge Trauger |
| | ) |
| Defendant. | ) |

### ORDER

Plaintiff Mitchell Stone is a state prisoner presently incarcerated at Charles Bass Correctional Complex in Nashville, Tennessee. Before the court is the plaintiff's application to proceed *in forma pauperis* (ECF No. 5). In addition, his complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**A.     Application to Proceed as a Pauper**

Because it appears from his submissions that the plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance, the application (ECF No. 5) is **GRANTED**.

However, under § 1915(b), the plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, the plaintiff is hereby **ASSESSED** the full $350 filing fee, to be paid as follows:

(1) The custodian of the plaintiff's inmate trust-fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to the plaintiff's account; or (b) the average monthly balance in the plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust-fund officer must withdraw from the plaintiff's account and pay to the Clerk monthly payments equal to 20% of all deposits credited to the plaintiff's

account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this order, he must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this order and submit it to the Clerk along with the payment. All submissions to the court must clearly identify the plaintiff's name and the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this order to the Warden of Charles Bass Correctional Complex to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian of his inmate trust-fund account **MUST** ensure that a copy of this order follows the plaintiff to his new place of confinement for continued compliance with this order.

If the plaintiff is transferred to a different prison or released, he is **ORDERED** to notify the court immediately, in writing, of his change of address.

**B.    Dismissal of the Complaint**

As set forth in the accompanying Memorandum Opinion, the court finds for purposes of the initial review required by the PLRA that the complaint must be dismissed without prejudice based on the plaintiff's failure to exhaust administrative remedies, which he admits on the face of the complaint, and because the State of Tennessee—the only named defendant—is not a suable entity under 42 U.S.C. § 1983.

The complaint is therefore **DISMISSED WITHOUT PREJUDICE**.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge